THE PEOPLE OF THE STATE OF ILLINOIS, Appellants, *v.* ALDEN RHODES, Appellee.

### APPEAL FROM THE GREENE COUNTY COURT.

A. sells a tract of land to B. for a specific sum, and gives a bond for a deed, and receives but a portion of the purchase-money in hand, and takes notes for the payment of the residue in annual instalments; B. went into possession of the land, and listed it for taxation; A. was also assessed for the amount due upon the notes given by B. *Held*, that this was not subjecting the same property to double taxation, and that A. must pay the assessment.

THE facts of this case appear in the opinion of the court.

D. B. CAMPBELL, State's Attorney, for the people.

TREAT, C. J. Rhodes sold a tract of land to Walker for $1,400, and gave him a bond for a deed. Walker paid $200 of the purchase-money, and gave notes for the payment of the

The People *v.* Rhodes.

residue in annual instalments of $100.   He went into posses-
sion of the land, and listed it for taxation in his own name for
the year 1853.   Rhodes was assessed for the same year $1,000
on account of the notes.   He moved the county court to set
aside this assessment.   The court sustained the application, be-
cause the notes were not taxable.   The county clerk transmitted
a statement of the facts to the auditor, and he notified the clerk
that he should move this court to reverse the order of the county
court.   The clerk gave Rhodes due notice of this application of
the auditor.

The case is brought before this court under the 34th section
of the " Act for the assessment of property," approved on the
12th of February, 1853.   It authorizes a person assessed on
account of property which he believes is not subject to taxation,
to apply to the county court, at its September term, to set aside
the assessment.   If the court sustains the application, the
decision is not to be final unless approved by the auditor, to
whom the county clerk certifies a full statement of the case.
If the auditor approves the decision, the clerk corrects the
assessment accordingly.   If he does not approve the decision,
he notifies the clerk of his objections thereto, and that he will
move the supreme court, at its next term, to reverse the decision;
and the clerk thereupon informs the party interested, of the
application to the supreme court.   The auditor files a certified
statement of the facts, upon which the supreme court decides
the case.

A reference to some other provisions of the same act will be
necessary, in order to determine whether the property in ques-
tion was liable to taxation.   The 1st section provides " that all
property, whether real or personal, in this State, all moneys,
credits, investments in bonds, stocks, joint-stock companies, or
otherwise, of persons residing in this State, or used or con-
trolled by persons residing in this State, shall be subject to tax-
ation."   The 2d section declares that " the term ' credits,'
wherever used in this act, shall be held to mean and include
every claim or demand for money, labor, or other valuable
thing, due or to become due."   The 3d section exempts from
taxation the property of the State and counties, and property
deemed necessary for school, religious, and charitable purposes.
The same section provides, that " no person shall be required to
list a greater portion of any credits, than he believes will be
received or can be collected."

It is manifest from these and various other provisions of the
same law, that the legislature designed to tax every species of
property belonging to individuals and private corporations.

26 *

This is the positive requirement of the constitution. It directs the legislature to " provide for levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his or her property." The principle is, that all property shall contribute to the support of government. A man's wealth may consist of credits exclusively. He is as much protected in the enjoyment of that kind of property, as one whose property is entirely in lands or chattels. As he participates in the public benefits, he is bound to share in the public burdens. We entertain no doubt that Rhodes was properly assessed, to the extent of the present value of his demands against Walker. The notes were credits, within the express definition of that term by the legislature. They were " demands for money to become due." They formed as much a part of the payee's estate as the house in which he resided. He had converted land into this kind of property. It is true, the land had not been conveyed, but he held the naked legal title merely to secure the payment of the purchase-money. This indebtedness was as much the subject-matter of taxation, as the same amount of money loaned on bond and mortgage, or invested in stocks or other securities. There is no force in the objection, that the same property was twice subjected to taxation. The land was the property of Walker, and was by him listed for taxation; the notes were the property of Rhodes, and were assessed to him. A person having property in possession is assessed for its full value, although he may at the time be indebted for it. A man pays as much tax on a farm that is under mortgage, as does his neighbor on a farm equally valuable and free from incumbrance. The tax is levied on the land, irrespective of the indebtedness of the owner. So a tax is levied on the credits of a party, without reference to the transaction out of which the indebtedness arose.

The order of the county court is reversed.

*Judgment reversed.*