Perrine v. Jacobs et al.

---

## PERRINE v. JACOBS ET AL.

1. **Taxation:** TAXABLE "CREDITS:" WHAT CONSTITUTES. In the month of December, 1882, plaintiff by parol sold a farm to another for $6,000, $100 of which was paid in cash, and the remainder of which was to be paid on the first of March following, when he was to give the purchaser possession and execute to him a warranty deed:—*Held* that the debt thus arising from the purchaser to plaintiff was an assessable credit on the first day of January, 1883, as defined by § 802 of the Code.

*Appeal from Jones Circuit Court.*

MONDAY, JUNE 9.

IN the year 1883, the assessor of the township in which

plaintiff resides assessed him on $2,000 as moneys and credits. Plaintiff petitioned the board of equalization to strike this item from his assessment, on the ground that he did not own any moneys or credits on the first of January; and, his petition being denied, he appealed to the circuit court. There was a trial in that court, and judgment was entered for defendants. Plaintiff appeals.

*Remley & Ercanbrack*, for appellant.

*Sheean & McCarn*, for appellees.

REED, J.—The only evidence introduced on the trial of the case in the circuit court was the testimony of plaintiff. He testified that in the month of December, 1882, he made a verbal contract with one Jacobs for the sale of a farm; that the price which Jacobs agreed to pay for the farm was $6,000, one hundred dollars of which amount was paid at the time the contract was entered into, and the remainder was to be paid on the first of March following, at which time he agreed to give Jacobs a warranty deed of the place. He remained in possession of the place until the first of March, when Jacobs paid the balance of the purchase-money, and he made the conveyance, and delivered possession of the place to Jacobs. No notes were given by Jacobs for the balance of the purchase money, but the contract was wholly in parol. The assessment in question was based on the indebtedness from Jacobs growing out of the transaction. The term credit, as it is used in the statutes which provide for the assessment of property for taxation, is defined by section 802 of the Code; and it "includes every claim and demand for money, labor, or other valuable thing." The single question presented by the case is, whether the transaction between plaintiff and Jacobs created a credit in favor of plaintiff within the meaning of the term as thus defined.

Plaintiff's position is that, as the undertakings of the parties were dependent, he had no claim or demand against

Jacobs for the unpaid portion of the purchase money until he executed a conveyance of the premises and tendered it to him. It is probably true that the acts to be performed by the parties under the contract were so far dependent as that neither could enforce performance by the other without first performing or offering to perform his own undertaking. But each had it in his power to enforce performance by the other. He had but to do, or offer to do, the act which he had agreed to do, and he would thereby render the other party absolutely liable. If plaintiff, at the time agreed upon, tendered to Jacobs such a conveyance of the farm as he agreed to give him, the latter had no election but to pay the money. The contract created a liability by Jacobs, which was dependent only on the performance by plaintiff of his undertaking thereunder. Plaintiff had the right at the stipulated time to demand payment of the money. He also had the power to enforce payment if there should be a refusal by Jacobs to pay. It seems to us entirely clear that the contract created a " claim and demand for money" in favor of plaintiff, which was assessable as a credit. The judgment of the circuit court is, therefore,

AFFIRMED.