## CITY OF MARQUETTE v. MICHIGAN IRON & LAND CO.

1. Taxation—Land Contracts—Credits.

A contract for the sale of standing timber, which contains a provision that the title to the timber and manufactured products thereof shall remain in the vendor until paid for, that the vendee shall pay all taxes assessed upon the land, the usual forfeiture clause, and places the risk of damage to the timber upon the vendee, should be taxed as a credit to the vendor, under 1 Comp. Laws, § 3831, subd. 6.

2. Same.

A contract for the sale of land at a specified price, with the usual forfeiture clauses, and an agreement that the vendee shall pay all taxes assessed upon the land, should be assessed as personal property.

3. Land Contracts—Ownership.

Under such contracts the purchaser is the equitable owner of the property.

4. Double Taxation—Land Contracts.

The taxation of a land contract as personal property does not constitute such double taxation as to violate the constitutional requirement of uniformity in taxation, where the contract provides that the vendee shall pay the taxes on the land.

Case made from Marquette; Stone, J. Submitted November 18, 1902. (Docket No. 39.) Decided January 6, 1903.

Stipulated case between the city of Marquette and the Michigan Iron & Land Company, Limited, to determine the latter's liability for taxes. There was a judgment for plaintiff, and defendant assigns error. Affirmed.

*Ball & Ball,* for appellant.

*George P. Brown,* for appellee.

CARPENTER, J. The court below held that defendant must pay taxes upon the sum of $59,733.34, the balance unpaid on contracts for the sale of standing timber, and upon the sum of $30,384, the balance unpaid upon contracts for the sale of land. By the terms of the contracts for the sale of timber, defendant agreed to sell to the vendee "all the merchantable timber, now fit for saw-logs, growing, standing, or being upon the following described lands," and "that the title to the said timber and the manufactured products thereof shall be and remain in the party of the first part [the defendant] unless and until paid for and removed as hereinafter mentioned." The vendee agreed to pay a certain specified price for this timber, and to pay to the vendor "all taxes and charges, general and special, of every kind whatsoever, that shall be assessed upon or against the above-described lands subsequent to the date hereof." The contract contained the usual clause of forfeiture, and expressly placed upon the vendee the risk of damages to the timber from "fires, storms, trespasses, or any or all causes whatsoever." The land contracts contained an agreement on the part of the defendant to sell a particular description of land upon the payment of a specified sum, which the vendee expressly agreed to pay. They contained the usual clauses of forfeiture, and an agreement that the vendee "should pay all taxes or assessments upon said premises * * * whenever and as soon as they shall become due and payable," and provided for a deed to the vendee when all his "agreements and undertakings" were performed.

1 Comp. Laws, § 3831, subd. 6, makes taxable "all credits, of every kind, belonging to inhabitants of this State." Defendant's counsel insists that the obligations in question are not credits. He argues that they should be classed with obligations to pay future rent upon existing leases, obligations to pay salary under contracts for future services, and with obligations to pay for the future delivery of the products of a farm, of a shop, or of a mine. If the obligations in question are indistinguishable from those above instanced, we think that it should be decided that they are not taxable; but, in our judgment, they are clearly distinguishable. In the instances supposed, the landlord will receive rent for the future use of his own property, the employé will receive wages in payment for his future services, and the farmer, manufacturer, and miner will receive pay for the sale of products which, until the sale is consummated, belong to them. In none of these cases is a credit contemplated. On the other hand, by the contracts under consideration (and this is as true of the timber as of the land contracts) the equitable title to the property therein described is at once transferred to the vendee. From the time these contracts are made, the vendor holds the legal title only as trustee for the vendee. *Walker* v. *Casgrain*, 101 Mich. 604 (60 N. W. 291); *Fitzhugh* v. *Maxwell*, 34 Mich. 138; *Wing* v. *McDowell*, Walk. Ch. 175; *Bowen* v. *Lansing*, 129 Mich. 117 (88 N. W. 384, 57 L. R. A. 643). The vendor has, in effect, exchanged his property for the unconditional obligation of the vendee, the performance of which is secured by the retention of the legal title. The fact that the vendee, in the case of the land contract, may, when making his final payment, demand a conveyance, does not distinguish the obligation from that of a credit secured by a mortgage, as the mortgagor may, when making his final payment, demand a discharge of the mortgage. The obligations under consideration, therefore, resemble, not agreements to pay future rent, or salary to be earned in the future, or promises to buy merchandise and products to be delivered

in the future, but credits secured by mortgages. The resemblance between these obligations and credits secured by purchase-money mortgages may best be described by stating that they differ only in this: That the vendor has a remedy to enforce his rights which is not given to the mortgagee, namely, he may take immediate possession of his security. Such an inconsequential difference affords no ground for a legal distinction. The decisions of this court which hold all credits secured by mortgages taxable are therefore, in our judgment, decisive of the proposition under discussion. *Attorney General* v. *Supervisors of Sanilac Co.*, 71 Mich. 16 (38 N. W. 639); *City of Detroit* v. *Lewis*, 109 Mich. 155 (66 N. W. 958, 32 L. R. A. 439). This precise question has been decided by the courts of other States in conformity with these views. Cooley, Tax'n (2d Ed.), p. 78; *People* v. *Trustees of Ogdensburgh*, 48 N. Y. 390; *County of Ouachita* v. *Rumph*, 43 Ark. 525; *State* v. *Rand*, 39 Minn. 502 (40 N. W. 835); *Perrine* v. *Jacobs*, 64 Iowa, 79 (19 N. W. 861); *People* v. *Rhodes*, 15 Ill. 304; *People* v. *Worthington*, 21 Ill. 171 (74 Am. Dec. 86); *Griffin* v. *Board of Review*, 184 Ill. 275 (56 N. E. 397); *Adams* v. *Clarke*, (Miss.) 31 South. 216.

Aside from the dissenting opinions in two of the above cases, the only authority referred to by counsel for defendant in support of his position is *Brown* v. *Thomas*, 37 Kan. 282 (15 Pac. 211). In that case it was decided that the interest of the vendor, arising out of a contract to sell land similar to the land contract under consideration in this case, was not taxable. The court reasons as follows:

" The agreement for the sale of the real estate described in the petition confers neither the legal nor the equitable title upon Davidson [the vendee]. It is simply an agreement to sell real estate upon conditions precedent, and sets forth a conditional sale only.   *   *   *   The legal title has not passed to him, because no deed or other conveyance has yet been made; and the equitable title has not passed, because the land has not been paid for, and because, on account of the provisions for forfeiture, it is clearly the

intention of the parties, as indicated in the contract, that such title shall not pass until the land is paid for. * * * If we could consider the agreement a mortgage merely, then, as personal property, it would be taxable. As the agreement cannot be construed into a mortgage, nor as creating a debt, but being a conditional sale only, we must hold that it is not subject to taxation. If it be claimed that the agreement is a 'credit,' and therefore taxable, the claim is defeated by the definition given to 'credit' by the tax law, as follows:

" 'The term "credit," when used in this act, shall mean and include every demand for money, labor, or other valuable thing, whether due or to become due, but not secured by lien on real estate.'

"We do not think the agreement creates a debt, but, if any demand for money is created thereby, it is secured on real estate, and therefore not a 'credit,' within the statute."

This reasoning has no application to the case at bar. The contracts under consideration, construed according to the laws of Michigan, as they must be, do not "set forth a conditional sale only," but do, as we have already shown, transfer an equitable title to the vendee. Under the laws of Michigan, credits are taxable, though they are secured by a lien on real estate.

It is also insisted by defendant's counsel that to tax both the property contracted to be sold and the credit in question is such a double taxation as to violate the constitutional provision requiring uniformity. It is to be noted that in this case the obligation to pay the taxes upon the property rests not upon the vendor (the defendant), but upon the vendees. Therefore the argument advanced in support of this contention is precisely the argument which has been advanced to prove that the taxation of credits secured by mortgage and of the land covered by the mortgage is unconstitutional. The decision of this court upholding the constitutionality of such taxation (*Attorney General* v. *Supervisors of Sanilac Co.*, 71 Mich. 16 [38 N. W. 639]) is controlling and decisive of this question.

The judgment of the court below will be affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred with CARPENTER, J.

GRANT, J.   I concur in the opinion of my Brother CARPENTER, for the reason that the defendant had relieved itself from the payment of taxes upon its lands, specified in the land and timber contracts, and had imposed that duty upon its vendees.   This is not a case where the landowner contracts to sell his land, which must still be taxed to him, and from the payment of taxes upon which he has not relieved himself by transferring that obligation to another.   In such case I am not prepared to hold that the taxation to the landowner of both his land and the contract to sell it would not be double taxation and void.