## MINTHORN *v.* HAINES.

1. Usury—Land Contracts—Vendor and Purchaser.

Under the stipulations of a land contract whereby the vendors agreed to convey the premises described to the vendee, upon the payment of the consideration and seven per cent. interest, subject to another conveyance and to all taxes thereafter assessed against the land, or the contract, or interest created by the contract, no provision being expressed that the vendee should pay the taxes, usury was not shown.

2. Same—Taxation—Lien.

Taxes on the contract or the interest created by it would not become an incumbrance or lien on the land, and by paying the consideration and interest the vendee would receive a title unaffected by such taxes.

3. Same—Partnership—Illegality of Contracts.

Since partners are not presumed to have authority to execute illegal agreements, a letter written to the purchaser of the land at the time the contract was executed, signed by one of the partners who executed the contract, but not authorized or ratified by the other, advising the purchaser that he would be required to pay all taxes assessed against it, could not be construed as a part of the written agreement.

4. Same.

Contracts are to be interpreted in such a way as to render them legal rather than illegal.

Appeal from Roscommon; Sharpe, J. Submitted January 23, 1912. (Docket No. 138.) Decided March 12, 1912.

Bill by William A. Minthorn and George W. Wood against Edward D. Haines for the foreclosure of a land contract. From a decree for complainants, defendant appeals. Affirmed.

*Gaffney & Miltner,* for complainants.

*Edward D. Haines* (*Turner & Turner,* of counsel), for defendant.

·Blair, J.   This is a suit to foreclose a land contract, and the sole question presented for our consideration is whether the contract is usurious.

After stating the consideration, terms of payment, rate of interest, etc., the contract provides that—

" When said second party shall have complied with all of the above terms and conditions of this contract, said first party shall thereupon convey to said second party a good and unincumbered title in fee simple of the above-described premises, subject to the timber deed heretofore mentioned and also subject to all taxes hereafter assessed against the said lands or this contract or the interest in said lands created or represented by this contract."

Taxes assessed against "this contract or the interest in said lands created or represented by this contract" would not become a lien or incumbrance upon the land or in any wise constitute a burden thereon. *Marquette* v. *Land Co.*, 132 Mich. 130 (92 N. W. 934); *Starkweather* v. *Chatfield*, 149 Mich. 443 (112 N. W. 1071). Upon payment, therefore, of the consideration for the land, with 7 per cent. interest, as provided in the contract, and receiving the deed provided for therein, defendant would hold the land free from any burden or lien, so far as the taxes against the contract are concerned.

But defendant argues that this language of the contract should be construed to create an agreement on his part to pay the taxes upon the contract, and that this meaning is made certain by complainants' letter, which accompanied the contract, which was mailed to defendant for his signature.   The portion of the letter referred to is as follows:

"We don't want to pay taxes on this contract.   And if you don't record the contract it won't be taxed.   But if you do record it and we are assessed we will expect you to pay the tax.   We are both responsible and you are just as safe if you don't record it as though you did.   G. W. W."

This letter was written by Mr. Wood, and there is no evidence that Mr. Minthorn knew of its contents or approved of it.   Neither is there any evidence that defend-

ant agreed to carry out Mr. Wood's expectation. Assuming that there was a partnership, the authority of a partner to make lawful contracts for the firm should not be held to authorize the making of unlawful contracts, without the knowledge of the other partner. The contract was signed by all three, Wood, Minthorn, and Haines, and the rights of the parties must be determined by its terms. Nowhere in the contract is there an express agreement on the part of defendant to pay these taxes; and to find such agreement we must infer it from the fact that the conveyance is subject to taxes, which could create no burden or incumbrance upon the title conveyed, and because, as argued by defendant, the inclusion of such taxes would be idle and meaningless, unless it should be held that "subject to all taxes assessed against the contract" implied the further clause, "which said second party assumes and agrees to pay."

It is a familiar rule of construction that contracts shall be so interpreted as to make them valid, rather than illegal. As said in *Archibald* v. *Thomas*, 3 Cow. (N. Y.) 284:

"If a contract is susceptible of two constructions, one of which will bring it within, and the other without, the statute of usury, the latter construction should be adopted."

We think this contract is fairly susceptible of the construction that "subject" to the taxes on the contract has the same significance as subject to "the timber deed," and that the contract will be fully satisfied by a deed containing the precise language of the clause in question.

In the case of *Dingeldein* v. *Railroad Co.*, 37 N. Y. 575, relied upon by defendant, the property of a partnership, consisting of a railroad franchise, a road partly built, cars, horses, sleighs, etc., were transferred to a corporation "subject *to the payment* by the parties of the second part of all the money which the partnership are bound to pay on account of sewers." This was held to constitute an agreement to pay the indebtedness. This is quite different from the present case, where the lan-

guage relied upon relates to the character of the deed and its terms, to be delivered after the payment of the entire consideration for the deed, with the lawful interest expressly reserved.

The decree is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.