GRACE HARBOR LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18941, 24288, 39363.   Promulgated January 4, 1929.

*J. H. Amick, C. P. A.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

998

### OPINION.

ARUNDELL: The contract entered into on September 24, 1920, provided for an installment payment of $25,000 " on the vacating of the premises " by the petitioner; for the payment of interest on the unpaid purchase price from the date of the contract; for the entry of the premises for taxes in the name of the buyer; for the placement of insurance on the buildings and other improvements on the land for the benefit of the petitioner; for the delivery of possession " upon May 15, 1921," and gave the seller the right to declare the whole purchase price immediately due and payable in case the vendee defaulted in the payment of any of the installments of principal, interest, taxes or insurance, and remained in default for a period of 30 days. The buyer paid interest on the unpaid purchase price of the property from the date of the agreement. The record does not disclose whether the vendee entered the property for taxes in its name or whether it covered the improvements on the premises with insurance, as it agreed to. For reasons not explained, the petitioner paid the city and county taxes on the property for the year 1920.

A situation similar to the one here was before the court in the case of *Davidson & Case Lumber Co.* v. *Motter*, 14 Fed. (2d) 137. The plaintiff in that case entered into a contract on November 20, 1919, with purchasers, at all times financially able to pay, for the sale of certain real property, conditioned alone on the title being found satisfactory to the vendees. In December, 1919, the purchasers notified the seller that title was satisfactory to them, and on June 1, 1920, in accordance with the terms of the contract, they paid the balance of the purchase price. Between December, 1919, and June, 1920, the seller was permitted to remain on the premises in consideration of its payment of taxes for one-half of the year 1920. After concluding that the dominion, control, burdens, and benefits of the property passed to the purchasers in the year 1919, the court, in holding that the profit realized on the sale was taxable in the year 1919, said:

> As the contract for the sale of the property, fixing the terms of the sale made, the amount of the purchase price to be paid, and all other of its terms, including the present payment of $10,000, was performed in the year 1919, the amount of profits taxable must have been determined as of that year as readily and absolutely as the date the conveyance was delivered and the deferred payment made.

Counsel for the petitioner argues that the *Davidson & Case Lumber Co.* case is not in point, since the plaintiff in that proceeding remained on the property as a tenant after the sale was made absolute. At the time the contract in question here was entered into, the petitioner had a large quantity of lumber, doors, and other material on the premises which it desired to remove through sale in the regular course of its business as a retailer of lumber rather than transfer it to another yard at greater expense. Promptly upon the execution of the sales contract the petitioner proceeded to sell its stock of material without making any replacements. It had disposed of all the material by April 1, 1921, when it notified the buyer that it was ready to quit the premises and give the vendee possession. Petitioner's vice president in 1920 and 1921, in answer to a question propounded to him in cross-examination as to the reason the buyer took possession on April 4, 1921, about six weeks prior to May 15, 1921, testified as follows:

> Just as we told them, they were to pay us $25,000 when we were ready to give them possession. We notified them that we were ready to give them possession and we would like the $25,000.

From this testimony, and the acts of the parties, together with the fact that the contract provided for the making of the second payment, not on May 15, 1921, but "on the vacating of the property," it appears that the parties to the contract intended May 15, 1921, to be the latest date on which to transfer physical possession of the

premises, and that from September 24, 1920, the seller occupied the property with the permission of the vendee.

Petitioner's counsel concedes in his brief that a binding contract was entered into in 1920, that the vendee was at all times financially able to discharge its obligations under the agreement, and that the seller was also able and willing to carry out its part of the contract.

That the parties to the agreement intended to close the sale with the execution of the instrument seems clear from the fact that the vendee paid interest on the unpaid purchase price from the date of the contract and agreed to list the property for taxes in its name, pay all taxes and assessments, and cover the improvements on the land with insurance, all of which are acts incident to ownership of the property. According to our view of the transaction, the buyer's title to the property was as good in 1920 as it was in 1921, and the profit to be realized on the sale could have been determined as readily in the former year as in the latter one. With the exception of the second payment, the petitioner was as well off then as regards the closing of the deal as it was in the year 1921. Construing the contract as a whole in the light of the acts of the parties thereunder, we are of the opinion that the sale was closed in 1920, and that the profit to be realized on the transaction is taxable in that year. Upon the execution of the contract of sale on September 24, 1920, the purchaser held the equitable title to the property and the petitioner held the legal title in trust for the vendee. *Hooper* v. *Van Husen*, 105 Mich. 592; 63 N. W. 522, and *City of Marquette* v. *Michigan Iron & Land Co.*, 132 Mich. 130; 92 N. W. 934.

The purchase price of the property in question was $155,000, of which $30,000, or about 20 per cent of the sale price, was paid in the year 1920. The initial payment being less than 25 per cent of the purchase price, the petitioner is entitled by the provisions of sections 212 (d) and 1208 of the Revenue Act of 1926, and regulations promulgated thereunder, to return the income from the transaction on the installment basis.

*Judgment will be entered under Rule 50.*