*355 OPINION.
Goodrich:
The sole issue before us is whether there should be included in petitioner’s income for 1925 the profit, determined by respondent to be $461,746.19, derived from the sale of its lands to the Florida Industrial Co. in part payment for the timber located on Industrial’s south Florida lands. Petitioner disputes neither respondent’s determination of the basic value of its lands nor his determination of the amount of profit, but contends that the profit should not be included in income for 1925 for two reasons; first, because the sale of its properties was not consummated in 1925 but, at the earliest, in 1926 when it delivered its deed, and, second, because it received nothing of value in consideration for its properties. With neither contention can we agree.
Under the contract of March 19, 1925, petitioner assumed an obligation, the exact amount of which was not then determined, but which was not less than $3,575,000. Against that obligation it was allowed an immediate credit for the total acreage of its lands at $3 per acre, and it passed its notes to make up the shortage of that credit from the minimum obligation. To avoid delay, it was assumed that its title was good to the entire tract and Industrial came into immediate possession and beneficial ownership of the north Florida lands and was itself to bear any damage suffered by the properties by casualty thereafter. True, the amount of petitioner’s obligations remained to be finally determined by a timber cruise, but that did not alter the fact that petitioner had disposed of its lands and received a credit as the consideration therefor. True also, the amount of that credit as first allowed might be subsequently changed by discovery of title defects, but that did not affect Industrial’s rights to possession and ownership. Any part of the credit already allowed petitioner for its lands which might subsequently be lost by the return of certain tracts to petitioner because of imperfect title was to be made up by additional notes, but such an adjustment would not affect the transfer of the accepted acreage. However, this contingency need not concern us, for the record contains no evidence *356 respecting any title defects, and, since the contract provides that unless exceptions to title were filed within a time certain, Industrial would “ be conclusively presumed to have approved titles to all ” of petitioner’s lands, it clearly appears that petitioner received its credit at the same time it assumed its obligation, which was in 1925, and that Industrial had immediate right to full and complete possession of the lands. Under the decisions of the Florida courts, including the decision in the suit between petitioner and Industrial wherein the contract now before us was under consideration, in such circumstances the sale is regarded as consummated; consequently, in 1925 Industrial became the beneficial owner of the north Florida lands, having acquired equitable title thereto, and petitioner thereafter held the bare legal title in trust for Industrial. Aycock Bros. v. First National Bank of Dothan, 54 Fla. 604; 45 So. 501; Insurance Co. of North America v. Erickson, 50 Fla. 419; 39 So. 495; 2 L.R.A. (N.S.) 512; 111 Am. St. Rep. 121; 7 Ann. Cas. 495; Felt v. Morse, 80 Fla. 154; 85 So. 656; Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291; 133 So. 547; Standard Lumber Co. v. Florida Industrial Co., 141 So. 729.
Therefore we do not regard as controlling the fact, so strongly relied on by petitioner, that its deed was not delivered until 1926, for the consummation of a sale is not dependent upon delivery of a deed where, as here, the consideration was received and the benefits and burdens of ownership were transferred previously. Nibley-Mimnaugh Lumber Co., 26 B.T.A. 978; Davidson & Case Lumber Co. v. Motter, 14 Fed. (2d) 137. Nor is it material that petitioner continued to pay the taxes on the north Florida lands. Grace Harbor Lumber Co., 14 B.T.A. 996. We are not told why it did so; perhaps its notes were credited with the amounts so paid.
Petitioner’s second argument may be disposed of summarily, for the Supreme Court of Florida in its decision in Standard Lumber Co. v. Florida Industrial Co., supra, held that petitioner did receive something of value under this contract. Moreover, we are not concerned with petitioner’s bargain, and the fact that the properties it purchased may have been worth less than it paid for them is not material to the issue before us. The point here is that petitioner sold its own lands and received the consideration therefor. It is with the profit arising from that sale — the difference between the cost basis to petitioner and the amount received — that we are concerned. We conclude that this profit arose in the year 1925 and that respondent was not in error when he included it in petitioner’s income for that year.

Judgment will be entered for the respondent.