## OUACHITA COUNTY V. RUMPH.

1. TAXES: *Power of Legislature to levy.*

   The right to impose taxes upon citizens and property for the support of the state government, may be restricted by the constitution, but needs no clause to confer it.

2. TAXES: *Property subject to.*

   Notes, bills of exchange, shares, stocks and securities of all kinds, are property, and subject to taxation; and a note given for land, and the land itself, are both subject to taxes; the note as property of the holder, and the land, of the purchaser.

APPEAL from *Ouachita* Circuit Court.

Hon. B. F. ASKEW Circuit Judge.

*Barker & Johnson* for appellant.

Promissory notes given for the purchase of land are subject to taxation. They are *property* within the meaning of the Constitution, and the Revenue Act of 1883, and hence taxable. *Const. Art.* 16 *Sec.* 5, *Art.* 2 *Decl. of Rights, Secs.* 2 *and* 20; *Gantt's Dig. Secs.* 1529-30; *Probst & Hilb v. Scott* 31 *Ark.* 656; *Bouvier Law Dict.*; 4 *Pet.* 511; 17 *Johnson* 283; 2 *Kent p.* 406 *note A.* 9th *Ed*; *Bouv. Inst. Vol.* 1, *Sec.* 481, 468; *Story on Const. Sec.* 400; 1 *Black. Com.* 59; 43 *Cal.* 331; 13 *Am. Rep.* 143; 21 *Id.* 704; 2 *Com.* 806; 1 *Green* 240; 11 *Ark.* 44; 42 *Conn.* 426; 36 *Ohio St* 28; 30 *N. J.* 13; 16 *Pick.* 572; 6 *Binney* 94; 4 *East* 370;

By *all property subject to taxation* is meant, that all property in the State is subject to taxation except such only as is *exempt* by the Constitution itself.

*H. G. Bunn* for appellee.

Ouachita County v. Rumph.

Promissory notes being mere choses in action, or "credits" are not subject to taxation under the Constitution or the Revenue Act of 1883. 2 *Ark.* 291; *Const. Art.* 16 *Secs* 8, 9, &c.; 51 *Cal.* 243; 21 *Am. Rep.* 704; 14 *Kans.* 585; 19 *Am. Rep.* 107.

The Constitution of 1874, in so far as its definition of "property subject to taxation" goes, is an exact copy of that of 1836, and under it no Legislature ever attempted to tax " credits," or demand that they were property in the taxing sense.

All efforts to fix an uniformity and equality upon "credits" is futile. They cannot be seen and assessed by the Assessor. The present constitution expressly left out that provision of the constitution of 1868, taxing credits, returning to the language of that of 1836.

It is double taxation, until the purchase money is paid &c., &c.

EAKIN, J.    At the July term 1883, the appellee, Rumph, applied to the county court, by way of appeal from the Board of Equalization, to correct his assessment of personal property for taxation, showing:    That in the preceding January he had sold and conveyed to Patrick Gaughan, certain lots in Camden for five thousand dollars, and taken notes for four thousand dollars of the purchase money, secured by deed of trust on the land ; that the lands had been assessed at their proper value to Gaughan; and that the notes had also been assessed in the name of petitioner against his protest. He insisted that this amounted to double taxation, and prays that his note may be stricken from his assessment. His prayer was refused and Rumph appealed to the circuit court, where the county demurred to the petition. The demurrer was overruled, the county declined to plead further, and judgment was rendered in favor of petitioner. From this the county appeals here.

Ouachita County v. Rumph.

The question presented is, can land and a note given for the purchase of it be both taxed in the hands of different parties.

It is first contended that notes cannot be taxed at all, inasmuch as they are choses in action, and not tangible property.

By the constitution the state's ancient right of taxation is fully and expressly conceded. *Art.* 2, *Sec.* 23. This is an ancient right of sovereignty, indispensible in all governments, to impose taxes for its support upon the citizens and upon property. It may be restricted by constitutional restrictions but needs no clause to confer it; and so, in the constitution we find only the assertion of the general right, with such restrictions as the people have thought fit to impose. For instance, it is said that "all property, subject to taxation," that is, all property not made exempt by the constitution and therefore taxable, shall be taxed "according to its value." *1. TAXES: Power of legislature to levy.*

If this were taken, however, as an indication that only *property* should be taxable, choses in action, as distinct from claims for unliquidated damages, have all the character of property. The term is not confined to tangible things either in its strict or its popular sense. It is said of every thing which is a man's *own*, or that is peculiar to him, belonging to him alone, or in connexion with others exclusive of other persons; something to which he has a legal title, whether in possession or not. (*see Webster in Verb*). This certainly is the case with notes, bills of exchange, shares, stocks and securities of all kinds as well as money. If one had a million dollars in this way it could not be said of him that he was without property, and under no obligation to contribute to the support of the government, whose protection and whose remedies give these things all their value. Choses in action of this nature have been *2. Notes for land taxable.*

subjects of taxation in many, perhaps all the states. It is common political practice. See a large array of cases cited by Mr. Desty in his work on taxation, Vol. 1, p. 67, especially *Wilcox v. Ellis*, 14 *Kansas* 601

In this state the question as to whether choses in action are property, has been set at rest by judicial decision. By the constitution of 1868 the personal property "of any resident to the value of $2000, to be by him selected," was made exempt from execution. It was held in *Probst & Hilb v. Scott*, 31 *Ark.* 652, that he might select a debt due him, so as to absolve it from process of garnishment; and this was followed under the present constitution in *Winter & Co. v. Simpson et al*, 42 *Ark.* 410.

It is further contended, in support of the judgment below, that if notes be generally taxable, these are, nevertheless exempt; because they represent land, and the land has been assessed to the purchaser at its full value. This, it is said, amounts to double taxation, and it is illustrated by saying that if everybody should sell his real estate on a credit, the taxable property of the county would be doubled. The argument is striking and plausible, but there seems to underlie it a fallacy.

There is no positive prohibition of double taxation; that is, of property and that which represents it in different hands, whilst each is taxed with what he owns uniformly with other members of the community. A note given for land is no more, nor less valuable than one given by a nonresident for property out of the state; or one given for valuable services rendered; or for luxuries consumed in the use. Why should one be exempt and the other taxed, when the notes are alike and of equal value. This would violate the provision for uniformity. The corpus of the land is taxed according to its value, but that is the business of the purchaser alone. The vendor who holds the note has no

concern with that. His note is valuable to him. It is property for which he ought to be taxed also.

The fallacy consists in looking at the note and the land as the same property. The land is only the consideration for it, but it has no further connection with it. In the present case a security on the land was taken, but it would not have altered the aspect of matters if that security had been merely personal. The two kinds of property are neither the same nor representing each other. The holder of the notes is taxed for what he owns—for something having a real value—representing not land, but the fruits of the future industry, or good fortune perhaps of the debtor, by which he means to pay. On the other hand the purchaser is taxed upon land for which he owes. It may be presumed this was considered in the amount of the purchase price, as something to be deducted from the rents and profits, before anything could go towards payment of the note. Moreover, under our Revenue law he gets, to the amount of his debt, a credit on his own taxable credits; which the state concedes perhaps on the very ground that this debt *may* be taxed as a credit to some one else.

We think notes may properly be, and have been made taxable by the Revenue act of 1883; and that the honorable circuit court erred in directing a credit of the notes in question, to be made on the tax books in favor of appellee.

Reversed and remanded for further proceedings in accordance with law and this opinion.