## THE STATE OF CONNECTICUT *vs.* JOHN F. MURPHY.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A general demurrer is sufficient, under our practice, in criminal cases.

Chapter 314 of the Public Acts of 1915, requiring an annual license fee of one cent for each square foot of advertisement displayed upon real estate other than that upon which the goods advertised are manufactured or offered for sale, or upon which the business advertised is carried on, is not a regulatory or prohibitive statute enacted—for æsthetic or other reasons—as an exercise of the police power of the State, but is a revenue-producing measure prescribed by the General Assembly under the inherent and sovereign power of taxation—a power unlimited in character and scope save for self-imposed constitutional restrictions.

Regarded as an exercise of the power of taxation, the Act is not open to attack as an arbitrary and unwarranted interference with, or as an attempt to prohibit, a lawful business, nor as authorizing a taking of private property without just compensation, without due process of law, and in denial of the equal rights guaranteed by the Constitution of Connecticut.

The fact that the statute takes the form of a license Act, requiring the payment of a fee as the condition of doing an act in the enjoyment of property rights, and making a violation of its provisions a misdemeanor, does not militate against its taxation character.

Licenses may be required and license fees exacted for purposes of taxation, regulation, or prohibition; and whether in a given case they are resorted to in the exercise of the police power or the taxing power, must be determined by a study of the legislation to ascertain its dominant purpose. If the license fee is imposed solely or primarily for the purpose of raising revenue, it is the imposition of a tax, no matter by what name it may be called.

Construction of an Act which leads to double taxation is doubtless to be avoided if an alternative interpretation may fairly be adopted; but this principle is applicable only in cases of doubt, and does not justify a construction contrary to the plain language of the legislative body and its intent as thus manifested.

The legislative power to tax extends to every trade or occupation, to every object or industry, use or enjoyment, in fact to every subject over which the sovereignty of the State extends.

The taxation of advertisements displayed upon billboards or otherwise, as contemplated by the Act of 1915, is an altogether reason-

able means of imposing a perfectly proper and by no means novel form of taxation; and the Act is open to little criticism of any sort in respect to its equality and uniformity of operation.

There is no provision in either Federal or State constitution requiring State taxation to be equal and uniform.

Argued June 6th—decided July 27th, 1916.

INFORMATION for displaying upon real estate an advertisement containing more than four square feet of surface without first having secured a license therefor, in alleged violation of chapter 314 of the Public Acts of 1915, brought to the City Court of Bridgeport and thence, by the defendant's appeal, to the Criminal Court of Common Pleas in Fairfield County, where the court, *Walsh, J.*, sustained a demurrer to the information and rendered judgment for the defendant, from which the State, with permission of the trial court, appealed. *Error and cause remanded.*

*Frederick W. Huxford*, Prosecuting Attorney, and *Ralph O. Wells*, for the appellant (the State).

*Thomas M. Cullinan* and *James E. Wheeler*, for the appellee (defendant).

PRENTICE, C. J. The only claim made in support of the demurrer is that the Act under which the information is brought (chapter 314 of the Public Acts of 1915, p. 2179) is unconstitutional as authorizing a taking of property without just compensation, without due process of law, and in denial of the equal rights guaranteed by the Constitution of the State.

Counsel for the State contend that the demurrer is not sufficient to enable the accused to avail himself of these objections, for the reason that it does not specify the particular constitutional provision or provisions claimed to be infringed by the statute. Under

our practice in criminal cases this contention is not well made. The demurrer is sufficiently specific. *State* v. *McKee,* 73 Conn. 18, 24, 46 Atl. 409; *State* v. *Pape,* 90 Conn. 98, 100, 96 Atl. 313.

Examination of the Act unmistakably discloses that it is a revenue-producing measure enacted by the General Assembly in the exercise of its taxing power, and not, as the accused claims, a regulatory measure adopted for æsthetic or other reasons in the exercise of the police power. Passing by the requirements as to the contents of applications for a license contained in the first section, hereinafter noticed, there is nothing to be found anywhere in it which is appropriate to regulation or points in that direction. No condition, except the payment of a license fee, is attached to the issuance of a license. All who pay the fee are entitled to receive one, and for whatever location it may be applied for. The amount of the fee is fixed and unvarying. The license, which thus automatically issues, entitles the licensee to an unrestricted use of the licensed space. The license is a general one authorizing the use of the space for advertising purposes generally, and without restriction as to the character of the advertisement or advertisements to be placed thereon, or the type, material or design of the structure or construction upon which they are placed, and no right of control or direction in any of these respects, or in any respect whatsoever, is reserved or provided for. No purpose could by possibility be served by the enforcement of the Act unless it be the raising of revenue. Regulation is out of the question, and prohibition, as an indirect result, could not have been thought of, so small was the license fee imposed. It is only as a revenue-producing measure that the Act is susceptible of a reasonable explanation. That purpose it does serve, and its provisions are consist-

ently and intelligently directed to that end, save only certain of those contained in § 1, prescribing the contents of the application, which have no apparent connection with the rest of the Act, and are wholly unrelated to any purpose as indicated by its remaining provisions. No reason for the presence in the Act of these requirements is discernible, save that they may have been overlooked provisions of a proposed Act discarded in its substantial features and changed in its fundamental character in the legislative process.

It does not militate against the taxation character of the Act that it is in form one which provides for the issuance of a license and the payment of a license fee as conditions of the doing of an act in the enjoyment of property rights, and makes the violation of its provisions a misdemeanor. *License Tax Cases*, 72 U. S. (5 Wall.) 462, 471, 472; *State* v. *Feingold*, 77 Conn. 326, 328, 59 Atl. 211; *State* v. *Conlon*, 65 Conn. 478, 483, 33 Atl. 519. Licenses may be required and license fees exacted for purposes of taxation, regulation or prohibition. 2 Cooley on Taxation (3d Ed.) 1133. They are means which may be employed in the exercise of either the taxing or police power. Whether, in a given case, they are resorted to in the exercise of the one power or the other, must be determined by a study of the legislation providing for them, to ascertain its dominant purpose. Where the license fee is imposed solely or primarily for the purpose of raising revenue, it is the imposition of a tax no matter by what name it may be called. *Ward* v. *Maryland*, 79 U. S. (12 Wall.) 418, 429; *Mayor* v. *Second Avenue R. Co.*, 32 N. Y. 261, 274; *State* v. *Boyd*, 63 Neb. 829, 831, 89 N. W. 417.

Counsel for the accused contend that an interpretation of the Act as a tax measure leads to double taxation, and that weight should be given to that fact in

The State *v.* Murphy.

its construction. It is indeed true, as urged, that the general policy of our law is to avoid double taxation, and that as between two alternative constructions preference should be given to that which escapes such result. But that principle is applicable only to cases of doubtful construction, and does not justify one contrary to the plain language of the legislative body and its intent as thus manifested. *Toll Bridge Co.* v. *Osborn,* 35 Conn. 7, 20; *Osborn* v. *New York & N. H. R. Co.,* 40 Conn. 491, 494. To make this a regulatory statute would be to ignore its provisions and to substitute others.

Regarding the Act as an exercise of the taxing power, we fail to discover in its provisions justification for the charge made against it by the demurrer, that it is "an arbitrary and unwarranted interference" with a lawful business, "an attempt to prohibit" such business, and "contrary to the Constitution of the United States and of this State." These objections are addressed to the Act as a regulatory measure such as counsel for the accused claim it to be, and have less pertinence when it is viewed in the light of its true character.

The taxing power is an inherent attribute of sovereignty and as such unlimited in character and scope save as limitations may be self-imposed. Under our form of government its exercise is vested in the legislative department which may exercise it for lawful purposes in its discretion both as regards the choice of subject-matter of taxation and the extent and manner of the tax, save as constitutional limitations may intervene, and in the case of the States save also as the property and agencies of the national government within their borders are not within the reach of their sovereignty. *M'Culloch* v. *Maryland,* 17 U. S. (4 Wheat.) 316, 428; *Nathan* v. *Louisiana,* 49 U. S. (8

How.) 73, 82; *Ward* v. *Maryland,* 79 U. S. (12 Wall.) 418, 426; *North Missouri R. Co.* v. *Maguire,* 87 U. S. (20 Wall.) 46, 62.

In the choice of subject-matter there is no restriction, not constitutional, short of one imposed by lack of jurisdiction. "Whether it be person or property, or possession, franchise or privilege, or occupation or right," the legislative power to tax extends to it. "It reaches to every trade or occupation; to every object of industry, use, or enjoyment," in fact to every subject over which the sovereignty of the State extends, and is co-extensive with that sovereignty. 1 Cooley on Taxation (3d Ed.) 9; Cooley's Constitutional Limitations (7th Ed.) 678; *M'Culloch* v. *Maryland,* 17 U. S. (4 Wheat.) 316, 429; *Providence Bank* v. *Billings,* 29 U. S. (4 Pet.) 514, 563; *Ward* v. *Maryland,* 79 U. S. (12 Wall.) 418, 426; *North Missouri R. Co.* v. *Maguire,* 87 U. S. (20 Wall.) 46, 62.

The display upon property of a billboard or other similar advertisement, such as this statute evidently contemplates, implies a property right or interest in that property in the person displaying it, and the use and enjoyment of that right or interest in such display. Clearly that is subject-matter within the sovereignty of the State in which the display is made. That which is taxed is the special use or enjoyment which is being made of the property upon which the advertisement is located by the person maintaining it in the exercise of his right as property owner, lessee or otherwise. It partakes of the nature of occupation or employment taxes, which are by no means uncommon, and which are commonly levied in the form of a license fee. *Youngblood* v. *Sexton,* 32 Mich. 406, 425; 2 Cooley on Taxation (3d Ed.) 1097. In fact a large share of the advertisements brought within the purview of the Act are, as a matter of common knowl-

edge, maintained in the conduct of a special line of business. The taxation of those advertisements as a mode of taxing the business conducted through them is an altogether reasonable means of imposing a perfectly proper and by no means novel form of taxation. Between the advertisements so displayed and those otherwise exhibited, there is no such inherent difference as to effect the principle upon which the tax is laid, or to forbid their being treated as proper subjects of taxation.

The suggestion of the demurrer, that the Act embodies an arbitrary and unwarranted attempt to interfere with a lawful business, loses its force when it is considered as a tax measure. It is no more arbitrary than is any tax measure, and interferes no more with lawful business than does taxation generally. Whether or not it was warranted is a question for the legislature and not for us. *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 262, 47 Atl. 299. If it was an attempt to prohibit or suppress under the guise of taxation, so that its real purpose was not the production of revenue but prohibition amounting to a taking by the State without compensation or conscription, the case would be very different. *State* v. *Travelers*, 73 Conn. 255, 272, 47 Atl. 299. But there is nothing whatsoever in the Act to suggest, even remotely, that it has such a purpose, and we have no right to so assume. Certainly an annual tax of one cent per square foot of advertising space is not so burdensome as to warrant the inference that its imposition was designed to accomplish a prohibition, or was calculated to accomplish that result. It would be difficult to see in it a practical denial of a property owner's right to use his property in a lawful way.

There is no provision in either State or Federal Constitution requiring that State taxation should be

equal and uniform. *State* v. *Travelers Ins. Co.,* 73 Conn. 255, 270, 47 Atl. 299. This Act, however, is open to little criticism of any sort in respect to its equality and uniformity of operation. All subjected to the tax are taxed alike in respect to both basis and rate. The only exceptions to its absolute uniformity of operation upon all advertisers and advertisements arise from its recognition of three classes of excepted advertisers or advertisements, a reasonable basis for whose exception is apparent.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.