NELSON *v.* BREITENWISCHER.

1. TAXATION—LAND CONTRACT—LIEN.
    A land contract, executory in character, reserving to the vendor the legal title, creates a lien on the real estate, and is subject to the mortgage tax law. 1 Comp. Laws 1915, § 4268 *et seq.*

2. CONSTITUTIONAL LAW—REAL PROPERTY—VENDOR AND PURCHASER.
    The taxation of mortgages and contracts for the purchase and sale of real property each to its full value is not in violation of the Constitution on the ground that the property bears a double tax.

3. EQUITY—PRACTICE—MOTION TO DISMISS.
    Appellant was not premature in moving to dismiss and it was not essential to wait before raising the question until the contract in question was offered in evidence, section 8 of the act providing in terms that no contract thereunder shall be enforced until the tax be paid as provided in the statute. The filing of the bill was clearly an effort to enforce which had commenced when the motion to dismiss made by appellant was filed.

Appeal from Montcalm; Davis, J.  Submitted October 11, 1916.  (Docket No. 136.)  Decided December 21, 1916.

Bill by Clinton Nelson against Louis F. Breitenwischer and another for the foreclosure of a land contract.  From an order overruling a motion to dismiss the bill, defendants appeal.  Reversed.

*L. C. Palmer,* for complainant.

*Seymour H. Person,* for defendants.

KUHN, J.  The plaintiff's bill was filed to foreclose a land contract dated June 15, 1915, for default in payments; it appearing from the averments of the bill that the plaintiff is the assignee of the vendor of a 480-acre farm in Montcalm county of this State.  The farm was originally owned by James Walsh and wife and was by them sold on a land contract to the defendants for $35,000.  Of this amount $18,300 was paid down, and the balance was to be paid $2,000 in 30 days, $2,000 in 60 days, and $3,200 in 90 days.  Upon the payment of these amounts a deed was to be given subject to a mortgage of $9,500.  On the 12th day of November, 1915, the Walshes deeded the land and assigned the contract to the plaintiff.

Defendants, upon appearing, made a motion to dismiss the bill, in accordance with section 4 of chapter 14 of the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12456), because the tax provided for in Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4268), had not been paid.  The bill as filed did not allege the payment of the tax, and a copy of the contract which was annexed to the bill and made a part of it contained no certificate of the county treasurer of the amount secured thereby and the amount of the tax received by him as is provided for

by the act. An affidavit of the county treasurer showing that the tax had not been paid was filed with the motion and was not disputed. Hearing was had upon the record thus made supporting the theory that the tax had not been paid. The motion was overruled by the trial court, and leave to appeal from the order overruling the motion was granted in accordance with the provisions of section 18, chap. 50, of the judicature act (3 Comp. Laws 1915, § 13753).

Section 1 of the act in question provides as follows:

"For the purposes of this act all indebtedness secured by liens upon real property shall constitute that class of credit upon which this act imposes a specific tax. The word 'mortgage' as used herein shall include every mortgage or other instrument by which a lien is created over or imposed upon real property, notwithstanding it may also be a lien upon other property, or there may be other security for the debt, and shall also include executory contracts for the sale of real property, and deeds or other instruments that are given to secure debts."

Section 8 is, in part, as follows:

"No mortgage or land contract, which is subject to the tax imposed by this act shall be released, enforced, discharged of record or received in evidence in any action or proceeding at law or in equity, nor shall any asssignment of or agreement extending any such mortgage or land contract be recorded until the tax imposed thereon by this act shall have been paid as in this act provided. * * *"

Counsel in support of the action of the trial court argue that it was not the intention of the legislature to assess this class of contracts, and that it should not be said that such a contract is in any sense security for the payment of the debt. We cannot agree with this construction of the statute, because the language of section 1 is explicit that it should cover all executory contracts for the sale of real property which are given

to secure debts. While the plaintiff's assignor retained the legal title to the property, he passed the equitable title by giving the contract, and there is no escape from the conclusion that the contract itself created a lien upon the property which, in our opinion, brings it for taxation purposes squarely within the provisions of the act in question.

It is further argued that this conclusion results in double taxation, and that therefore it is inequitable, unconstitutional, and void. This court, in the case of *Stumpf* v. *Storz*, 156 Mich. 228 (120 N. W. 618, 132 Am. St. Rep. 521), held that the taxation of mortgages and also of the real estate bound by them to its full value is not invalid as double taxation. An interesting review of the authorities on this subject is found in 23 L. R. A. (N. S.) 152, in the note to this case.

It is next contended that the appellants were premature in moving to dismiss, and that they should have waited, before raising this question, until the contract in question was offered in evidence. Section 8 of the statute in terms provides that no land contract subject to the act shall be *enforced* until the tax imposed thereon shall be paid as in the act provided. The filing of the bill was clearly an effort to enforce the contract, and, when the motion to dismiss the bill was filed, the process of enforcement of the contract had been begun. We think that it was entirely proper to raise the question immediately by a motion, because certainly it would be idle for the court to inquire into the facts as to a contract which it has no power to enforce.

We are of the opinion that the motion should have been granted or an alternative order have been entered dismissing the bill, unless the tax provided for by the act be paid within fifteen days from the date of the order. The case will be remanded to the circuit

194—Mich.—3.

court in chancery, and, if plaintiff exercises his option to pay the tax as suggested, 15 days will be allowed defendants to file an answer. Costs will be awarded to the appellants.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.