THE WILLIAMS BROTHERS MANUFACTURING COMPANY *vs.* NAUBUC FIRE DISTRICT.

First Judicial District, Hartford, May Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

In assessing a manufacturing company upon the "average amount of goods kept on hand" during the preceding year (General Statutes, § 2342), the taxing power of a fire district is confined to the value of the goods which were actually within its limits, and does not extend to the entire product of manufacture, most of which, like the greater part of the plant itself, was not within the district.

Section 2329 provides that when a corporation shall have two or more establishments for transacting its business in different towns or taxing districts, it shall be assessed and taxed for every such establishment, and for the personal property attached thereto or connected therewith, in the town or taxing district in which such establishment is located. *Held* that "establishment" as thus used meant those agencies which served for transacting the business of the corporation; and therefore any building in which any part of the business of the corporation was carried on was an "establishment" within the meaning of the statute.

A construction of a statute which leads to double taxation should be avoided, as also one which imposes taxes upon property which cannot possibly receive any benefit therefrom.

Argued May 7th—decided July 23d, 1918.

APPLICATION in the nature of an appeal by the plaintiff from the refusal of the board of relief for the defend-

ant district to reduce the valuation ($79,000) placed by the assessors upon the plaintiff's property alleged to be taxable in said district, brought to and tried by the Superior Court in Hartford County, *Gager, J.;* facts found and judgment rendered in favor of the plaintiff, and appeal by the defendant. *No error.*

*Alvan Waldo Hyde,* for the appellant (defendant).

*Stewart N. Dunning,* for the appellee (plaintiff).

WHEELER, J.   The defendant, the Naubuc Fire District, is a municipal corporation, and the plaintiff is a manufacturing corporation; each is organized under the laws of Connecticut and is located in the town of Glastonbury.   The plant and principal office of the plaintiff is in Glastonbury.   A small portion of its land and the building containing its general offices, and a part of one of its factories, are situated in the Naubuc Fire District.   The larger part of its land and the rest of its manufacturing buildings, and the factory office from which the factory is operated, are situated in Glastonbury and outside the limits of this District.

The plaintiff, in October, 1915, made return of its property subject to taxation, to the assessors of Glastonbury, and included in this list was an item showing the "average amount of goods on hand of manufacturers for whole or part of year preceding date of listing, including raw stock, and finished and unfinished product, $79,000." On June 12th, 1916, the assessors of this Fire District gave the plaintiff notice that the value placed upon its real estate was $35,283, and that the value placed upon the average amount of goods in its hands during the preceding year was the said amount of $79,000.   Upon the plaintiff's appeal the board of relief of the District reduced the value of the real estate

of the plaintiff by $8,283, and refused to reduce the assessment of $79,000, placed upon its goods on hand.

The plaintiff, claiming to be aggrieved by the action of the board of relief, took this appeal to the Superior Court. The court found that "the average value of the plaintiff's goods on hand during the year preceding the date of listing, including raw stock and finished and unfinished product in its entire plant in the town of Glastonbury, was $79,000, and the value of such goods actually within this Fire District was $9,000." The court held that the assessment should include only the value of the goods on hand in the District, and that the assessment of $79,000 should be reduced to $9,000.

The issue raised by the appeal is as to the true rule of assessment by the District of the goods on hand of the plaintiff, including raw stock and finished and unfinished product. The Fire District claims that under the statutes (1) a manufacturing business, carried on within the limits of the Fire District, was subject to taxation there; (2) that the statutory rule of assessment of such a business was the average amount of goods kept on hand for sale during the year preceding the date of assessment; (3) that the manufacturing business of the plaintiff was located and carried on in the District; and (4) that the average amount of goods kept on hand in connection with said business in the town of Glastonbury must be included in determining the value of the business.

The defendant Fire District was authorized to lay and collect taxes for the purposes for which it was organized, viz., to sprinkle and light streets. Public Acts of 1915, Chap. 192. This statute does not contain any specific regulations prescribing the method of taxation or the property to be taxed, but General Statutes, § 2001, provides that the laws relating to school districts shall apply to fire districts. And the

law classifies the property upon which the levy of taxes by a school district shall be had, specifying, among these, any manufacturing business subject to taxation located or carried on in the district.  Public Acts of 1913, Chap. 13.

General Statutes, §§ 2328 and 2329, contain the provisions under which the property of corporations in the defendant District may be taxed for its benefit. These, in substance, provide that the "real estate shall be set in the list of the town in which such real estate is situated, and its personal property shall be set in the list of the town in which it has its principal place of business or exercises its corporate powers; and when it shall have two or more establishments for transacting its business in different towns or taxing districts, it shall be assessed and taxed for every such establishment, and for the personal property attached thereto or connected therewith, in the town or other taxing district having the power of taxation in which such establishment is."  *Field* v. *Guilford Water Co.*, 79 Conn. 70, 71, 63 Atl. 723.  The amendment of § 2329 (Public Acts of 1907, Chap. 184) has not substantially changed this analysis of these sections.  "Establishment," as used in this statute, refers to those agencies which serve for transacting the business of the corporation.  All such, together with the personal property attached thereto or connected therewith, come within this provision of this statute.  It is subject to assessment in the town or taxing district in which the establishment is situated; and any building in which any part of the business of the corporation is carried on is an establishment within the meaning of this statute.  That this is the true construction of the word "establishment," is apparent from a reading of the amendment of the original Act made by Chapter 17 of the Public Acts of 1868.

Section 2329 applies to all "municipal divisions," of which the defendant Fire District is one; and the personal property situated within the District is to be taxed in that District.

If this section were the only one relating to the levy of taxes upon corporations, no controversy would have arisen. But the Fire District insists that General Statutes, § 2342, furnishes a special rule of assessment for the levy of taxes upon property of this kind belonging to a corporation situated in the Fire District. This section provides that the property of any trading, mercantile, manufacturing, or mechanical business belonging to an individual or a corporation, shall be assessed in the name of the owner or owners in the town, city, or borough where the business is carried on; and that "the average amount of goods kept on hand for sale during the year, or any portion of it when the business has not been carried on for a year, previous to the first day of October, shall be the rule of assessment and taxation." As originally passed, this section of the Act (Chap. 47, § 12, Public Acts of 1851) related exclusively to trading and mercantile business, but later on was made applicable equally to corporations engaged in any manufacturing or mechanical business. It clearly contemplates a going business, and the rule of assessment is applicable only to such. We can see no reason why this rule may not apply to each of the two or more establishments situated in different towns, cities, or boroughs. So construed, the statutes can stand together. Moreover, § 2342 does not appear to relate to any municipal division except towns, cities, and boroughs.

The contention of the District, that the plaintiff's business was carried on where its office was, is not sound. The business was carried on where the various parts of the plant are located. We so construed this

section in the case of *Jackson* v. *Union*, 82 Conn. 266, 270, 73 Atl. 773, and held that the place of office did not control, but the place where the timber was cut and prepared. If the personal property of the plaintiff was taxed in the District, where its office was, as the District claims, then such parts of the personal property as were located outside this District and in an adjoining District would be also subject to taxation in this District. A construction leading to double taxation should be avoided. Since the defendant can lawfully light and sprinkle streets only within the District, the plaintiff's property outside the District could receive no benefit from the District, and a construction which imposes taxes with no possibility of benefits should be avoided.

There is no error. ·

In this opinion the other judges concurred.