## IN RE SPURGEON.

[No. 10,221.   Filed February 18, 1920.]

TAXATION.—*Vendor and Purchaser.*—*Contracts in Form of Lease.*— *Construction.*—*Right to Tax as Personal Property of Lessor.*— Contracts in the form of leases of real property, under which the lessees agreed to pay a stipulated monthly rental, all taxes and assessments, interest on the principal, to keep the property insured for the benefit of each of the parties as their respective interests may appear, etc., and requiring the lessor to convey the property to the lessee upon payment of the stipulated sums at or before maturity, were sales contracts, and were assessable to the vendor for taxation to the extent of the balance due thereon.

From Delaware Circuit Court; *Luther F. Pence,* Special Judge.

William A. Spurgeon appealed to the circuit court from the action of the county board of review in adding to the schedule of his personal property certain omitted property. From an adverse judgment, he appeals.

*McClellan, Hensel & Guthrie* and *Leffler, Ball & Needham,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for appellee.

ENLOE, J.—In July, 1916, the board of review of Delaware county, Indiana, added to the schedule of personal property of the appellant, as "omitted property," two items aggregating $12,185. One of said

items was entitled "On personal title bonds" and the other, "On contract with Muncie Gear Works." These items being duly placed on the tax duplicate, the said William A. Spurgeon duly appealed to the circuit court of said county, where a trial was had, which resulted in a finding against appellant, and that the said assessment of taxes appealed from should be sustained for the year 1916 in the sum of $7,798, and judgment was entered accordingly.

Appellant duly filed his motion for a new trial, which was overruled, and he now prosecutes this appeal. The only assigned error necessary to be considered relates to the overruling of said motion.

There were numerous reasons assigned in said motions for a new trial, but the only ones necessary to be considered relate to the sufficiency of the evidence to support the decision of the court, and whether the same is contrary to law.

There is no dispute as to the facts of this case, the parties below, by their counsel, agreeing that the petition filed by the appellant in the Delaware Circuit Court, wherein he sought to have said assessment set aside, contained all the essential facts of the case, "and that the same should be taken, accepted, and received as the evidence in the case." The petition was thereupon offered in evidence and was all the evidence in the case. The question therefore for our consideration is purely one of law arising upon said facts.

It is alleged in said petition that prior to March 1, 1916, the appellant had executed several instruments in writing, each and all of them being in the following general form, to wit:

"This instrument witnesseth, That William A.

Spurgeon, of Muncie, Indiana, agrees to lease and does hereby lease to (*lessee*) of Muncie, Indiana, the following real estate in Delaware County, State of Indiana, to wit:

"The said (*lessee*) agrees to pay as rental for the said real estate the sum of $10.00 or $12.00 or $15.00 in advance and $10.00 or $12.00 or $15.00 on the first day of each month beginning with the date of this instrument, without relief from valuation or appraisement laws and with attorney's fees.

"The said William A. Spurgeon agrees that if the said (*lessee*) shall take good care of said property and keep the same in good repair, and permit no damage to the property in any way, and keep all buildings thereon insured, satisfactory to the said William A. Spurgeon, and for the benefit of each of the parties hereto, as their respective interests may appear, and pay all taxes and assessments falling due against said property after the date of this instrument; that when the amount of money paid as rentals on said property shall equal the sum of $500.00 plus the amount equal to eight per cent. per annum computed as hereinafter set out, the said William A. Spurgeon agrees to sell to the said (*lessee*) the aforesaid property and make to (*lessee*) a warranty deed, conveying the said property to her. The computation of percentage shall be made as follows: For the first year the computation shall be made upon $500.00; eight per cent. thereof being added thereto, and from this sum shall be deducted the amount equal to the sum paid as rentals during the year and the

remainder shall be the unpaid portion of the aggregate rental price; and for subsequent years the computation shall be made in like manner. The amount due and unpaid at the beginning of each year shall be increased by a sum equal to 8 per cent. thereon, and diminished by the amount paid by the said (*lessee*) during the year.

"It is agreed that if the said William A. Spurgeon shall pay any taxes or make any repairs or improvement upon the said property or pay for any insurance or incur any other expense on account of said property or this contract, that the sum thus paid out by the said Willam A. Spurgeon, with interest thereon at the rate of 8 per cent. per annum, shall be added to the amount due on said aggregate rental price, at the time of the next annual settlement thereafter, as provided herein.

"The said (*lessee*) agrees to pay all monthly payments without relief from valuation or appraisement laws, at the time and in the manner aforesaid; and upon failure to pay any installment or to comply with the other conditions of the agreement then, and in that event, all moneys paid by the said (*lessee*) shall be in consideration of and for the use of said property as tenant and for liquidated damages, and the said William A. Spurgeon is to have the right to take possession of said property without notice or process of law, and the said (*lessee*) shall be considered as tenant in arrears for rent.

"It is agreed that if the said (*lessee*) at any time desires to pay more than the monthly payment mentioned herein (*lessee*) is to have the

right to do so, and to have same duly credited on her obligation.

"The said William A. Spurgeon agrees for himself and his legal representative, to execute a warranty deed of conveyance to the said (*lessee*) conveying said real estate to her when all payments are made as herein agreed.

This agreement is executed in duplicate this ....day of............., 19...."

It is further alleged that the foregoing contracts are the contracts placed by said board of review upon the tax duplicate as "omitted property" and under the item of "On personal title bonds." It is also alleged "that the aggregate amount remaining unpaid by the lessees named in said contracts,   *   *   * is   *   *   * to wit: $4147.00 less 25%, $3113.00." It is further shown by said petition that the above contracts were not listed by petitioner in his return of property for assessment in said year.

It is further alleged in said petition "that on the 11th day of June, 1912, an agreement was entered into by and between the petitioner, and the Muncie Gear Works, a corporation, having its office and principal place of business at Muncie, in said county, which said agreement was as follows:" (This agreement, being in all its essential features similar to the contract heretofore set out, need not be copied.) Said instrument was duly acknowledged before a notary public, on the day it bears date, by both parties thereto.

It further appears that the above contract was in full force and effect on March 1, 1916; that it was not by petitioner listed and returned for taxation, and is the item, "On contract with Muncie Gear Works,

$6250.00—$4685.00,'' added to petitioner's assessment list as ''omitted property,'' by said board of review.

It is not denied in said petition that the amount fixed by said board was the true balance due under said last-mentioned contract.

The appellant contends that these contracts were not taxable under the law of this state; that the several installments of ''rental'' therein specified are neither ''annuities,'' ''bonds,'' ''notes,'' ''accounts,'' or ''other amounts due from any person, firm or corporation,'' and are therefore not taxable. While the appellee insists that the contracts, when rightfully construed, are not leases—do not create the relation of landlord and tenant—but are contracts of sale, and that the money due thereon is subject to taxation.

It will be noted that among the things which the so-called ''lessees'' were to do are the following, viz.: ''Pay all taxes and assessments against the property; pay interest on the sum of money therein stipulated, (''purchase price''); keep the property insured for benefit of each of the parties as their respective interests may appear; pay interest on any money thereafter paid out by lessor for ''taxes, repairs, improvements, insurance,'' or ''other expenses on account of said property, or this contract.'' Also, under the terms of these contracts, the so-called ''lessees'' might each pay the full balance of said sum named therein at any time before maturity, and be at once entitled to receive his deed.

In the case of the *City of Marquette* v. *Iron & Land Co.* (1903), 132 Mich. 130, 92 N. W. 934, the court had under consideration a contract in some respects very similar to the one in this case. The

question there under consideration was whether the contract was simply a lease (the parties thereto had so called it), or whether it was a contract of sale, and the residue of the purchase thereon taxable. The court said: "Defendant's counsel insists that the obligations in question are not credits. He argues that they should be classed with obligations to pay future rent upon existing leases, * * *." In answering this contention, the court said: "By the contracts under consideration * * * the equitable title to the property therein described is at once transferred to the vendee. From the time these contracts are made the vendor holds the legal title only as trustee for the vendee. * * * The fact that the vendee, in the case of the land contract, may, when making his final payment, demand a conveyance, does not distinguish the obligation from that of a credit secured by a mortgage, * * *. That the vendor has a remedy to enforce his rights which is not given to the mortgagee, namely, he may take immediate possession of his security. Such an inconsequential difference affords no ground for a legal distinction." Citing authorities.

*In re Aurora Gaslight, etc., Co.* (1917), 64 Ind. App. 690, 113 N. E. 1012, which involved the so-called "lease" contract, this court said: "If the real transaction was a sale of property and such amounts in truth and in fact represented a balance of purchase money, the character of the transaction cannot be changed by any nomenclature, form or subterfuge employed by the parties, whether innocently or with design, to have the transaction appear to be something other than what it in fact was."

In *Mendenhall* v. *First New Church, etc.* (1912),

177 Ind. 336, 98 N. E. 57, the court said: "It is true that by its own terms the instrument is referred to as a lease, and that the term 'rent' is used in connection with appellee's agreement to pay all assessments against the property. These terms, although used by the parties, are not controlling in the determination of the character of the instrument. The character of a written instrument is to be determined from the real nature of the transaction, and not from the form nor the name which the parties apply to the instrument. * * * The effect of a lease is to give the lessee the right to the possession of the property for a term of years, or at the pleasure of the parties. It is within the contemplation of every lease that the property shall at some time, definitely fixed, or to be determined later, revert to the lessor. An estate which may revert upon the happening of some contingency, but which, on the other hand, may endure forever, is a qualified or determinable fee."

In *Micks v. Stevenson* (1899), 22 Ind. App. 475, 51 N. E. 492, the court quoting Chancellor Kent (2 Kent's Com. 468), said: " 'A sale is a contract for the transfer of property from one person to another for a valuable consideration; and three things are requisite to its validity, viz.: The thing sold, which is the object of the contract, the price and the consent of the contracting parties.' "

When we consider the stipulations in the contracts under consideration as to the payment of "taxes and assessments," "interest on principal named sum," "keep property insured for the benefit of the parties hereto, as their interest may appear," we have no hesitancy in saying, under the authorities *supra,* that

the transactions in question were sales; .'that the legal title was held in the vendor, pending full performance thereof, as a means of enforcing performance of said contracts and securing said indebtedness.

The decision of the trial court is fully supported by the facts. We find no error in this record, and the judgment is therefore affirmed.