THE HOUSE OF HASSELBACH, INC. *v.* CHARLES J. McLAUGHLIN, TAX COMMISSIONER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued January 8—decided February 7, 1941.

*Matthew A. Reynolds,* with whom, on the brief, was *John R. Thim,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

JENNINGS, J. The plaintiff rented a building in New Haven, but used only a part of it, subletting the rest. It claims that its "rent paid" under the Corporation Business Tax Act of 1935 (Cum. Sup. 1935, Chapter 66b) was its gross rent less the amounts received from its subtenants. The defendant claims that no deduction from the gross rent paid could be made under the statute. These differing interpretations form the issue on this appeal. As a practical matter of accounting, the increased taxes assessed result from the inclusion in income of the rental received from the subtenants, instead of using it to reduce the gross rental paid by the plaintiff and on which, under the law, it was obliged to pay a tax.

Cumulative Supplement, 1935, § 418c, requires every corporation within its scope to pay annually "a tax or excise upon its franchise for the privilege of carrying on or doing business within the state, such tax to be measured by the entire net income as herein defined received by such corporation or association from busi-

ness transacted within the state during the income year." By § 417c net income is net earnings available for contributors of capital, whether they be creditors or stockholders, computed by subtracting from gross income, as defined in the federal corporation net income tax law, the deductions allowed by the terms of § 419c. The latter section provides for the same deductions as are permissible under the federal corporation net income tax law "except (1) . . . (2) interest and rent paid during the income year."

Interest and rent are two of the most common expenses incurred in carrying on a business enterprise. By refusing to allow their deduction in computing net income, the state is in effect taxing them. This is on the theory that the environment essential to the conduct of business is provided by the government for profitable and unprofitable concerns alike and that the claims of the government should not be subordinated to all other expenses of doing business. The volume of business done should constitute the tax base. Report of the Connecticut Temporary Commission to Study the Tax Laws of the State and to Make Recommendations Concerning their Revision (1934) pp. 444-460.

The plaintiff does not seriously quarrel with this theory of taxation on the right to do business but contends that its application as illustrated in this case is harsh, unfair and results in double taxation. If the advantage to the plaintiff of renting the whole building had not been substantial, it could have rented only the portion used by it and avoided the tax on rental income. On the other hand, as suggested by the defendant, the interpretation of the plaintiff might easily result in injustice to the state. This would be true in any case where rent received exceeded rent paid. To permit the rents received to be deducted from the rent

paid would be to eliminate from the scope of the tax act an item of income which the law clearly contemplates should be taxed as well as to exempt from taxation a part of the rental paid. As for double taxation, while it is true that the money paid to the plaintiff by the corporate subtenants might be taxed to it as income and to them as rent paid, they are separate entities and are each being taxed on the business being done by each, in the computation of which, as to each, the rent paid by it is an element to be included. Furthermore, the legislature has the power to provide for double taxation although this result will be avoided where the terms of the statute are doubtful. *State* v. *Murphy*, 90 Conn. 662, 666, 98 Atl. 343.

The terms of this statute are not doubtful. Rent received is income. U. S. C. A., Title 26, § 22, p. 43. Rent paid may not be deducted. Cum. Sup. 1935, § 419c. It follows that the computation of the defendant is correct.

There is no error.

In this opinion the other judges concurred.