THE HARTFORD-CONNECTICUT TRUST COMPANY ET AL.,
EXECUTORS (ESTATE OF EDITH M. HOWARD) *v.* DENNIS
P. O'CONNOR, TAX COMMISSIONER

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 4—decided July 25, 1950

Charles Welles Gross, for the plaintiffs.

Louis Weinstein, inheritance tax attorney, with whom, on the brief, were William L. Hadden, attorney general, and Frederic W. Dauch, first assistant tax commissioner, for the defendant.

JENNINGS, J.   On March 24, 1924, Alice H. Bennett, Mary L. Howard and Edith M. Howard, three sisters, owned the premises known as 67 Collins Street, Hartford.   On that date they entered into a written contract whereby they agreed to sell the property for $105,093 to the Connecticut Mutual Life Insurance Company.   Pursuant thereto, the company made a down payment of 10 per cent of the purchase price and simultaneously the sisters executed a warranty deed naming it as grantee.   The deed was placed in escrow with a bank with instructions to deliver it, upon receipt of the balance of the purchase price, to the company within thirty days after the death of the surviving sister and to pay into the estate of each sister one-third of the money so received.   The contract gave the sis-

ters the right to continue to occupy the premises as their home as long as any one of them remained alive, but it required them to maintain the place in reasonable repair and to pay all local property taxes and fire insurance premiums. By another provision they were given permission to vacate the property at any time. Upon receipt of notice of their having done so, the company was to pay the balance of $94,583.70 to the bank and obtain delivery of the deed.

Mrs. Bennett died in 1934. By her will she devised her undivided one-third interest in the property and her ultimate rights under the contract to her sisters. Mary L. Howard died in 1942. She devised her entire estate to her sister Edith, who continued to remain in possession until her death on January 29, 1949. Thereafter, the company paid to the bank the sum of $94,-583.70 and received the warranty deed which the sisters had executed in 1924.

The plaintiffs are the executors of the will of Edith M. Howard. After qualifying as such, they filed in the Probate Court an inventory and appraisal of her estate which disclosed the transaction between the company and the decedent in the following manner: "Contract sale of real estate at #67 Collins St., Hartford, Conn., with Connecticut Mutual Life Insurance Co., balance due $94,583.70." The executors also filed the required "Affidavit concerning Payment of Taxes on Choses in Action and other Property," wherein they stated that the real estate at 67 Collins Street was assessed by the city of Hartford on the list of 1947 in the amount of $34,550. On that list and on those of the four preceding years the city assessed taxes on the realty to Edith M. Howard. These taxes were paid by her. Miss Howard did not declare, nor did the city of Hartford assess, the contract at any time during the five completed taxing periods prior to her death. The tax-

ing period for the city commences on July 1 and is completed the following March 31. No tax was ever paid to the state upon the face amount of the contract during the lifetime of the plaintiffs' decedent.

The defendant assessed a tax of $9458.37 upon the item of $94,583.70 appearing in the inventory, that is, at the rate of 2 per cent of the appraisal for the five completed taxing periods preceding the decedent's death. Thereupon the executors, seeking a review of the legality of the defendant's action, addressed to the Superior Court an application in the nature of an appeal. The court reserved the matter for our consideration. The questions upon which advice is sought are printed in the footnote.[1]

The material part of the statute under which the defendant acted recites: "All taxable property of any estate upon which no town or city tax has been assessed . . . or upon which no tax has been paid to the state during the year preceding the date of the death of the decedent, shall be liable to a tax of two per cent per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent. . . ." General Statutes § 2083. This section imposes a penalty in the nature

[1] 1. Did the interest of Edith M. Howard in the contract, exhibit A, constitute, for purposes of taxation, a chose in action or a credit on the date of her death?

2. Was Edith M. Howard required by law to declare her interest in exhibit A for local tax purposes during the five last completed taxing periods prior to her death, inasmuch as she declared and paid the local taxes assessed on the real estate described in exhibit A during that period?

3. If the local tax authorities taxed the value of the interest of Edith M. Howard in exhibit A as well as the value of the real estate described therein, would that amount to double taxation of the same property?

4. Should the appeal from the assessment of the tax on untaxed property in the estate of Edith M. Howard be sustained?

of a tax for failing to list property subject to taxation. "The obvious legislative purpose is to compel estates to pay to the state a sum which shall approximately equal the taxes which property of the estate has escaped paying while in the hands of the decedent." *Bankers Trust Co.* v. *Blodgett,* 96 Conn. 361, 364, 114 A. 104; *Lockwood* v. *Blodgett,* 106 Conn. 525, 529, 138 A. 520.

The first, and, as we view it, the determinative, inquiry is whether the contract in question was of such a nature as to have been taxable during the life of the decedent. Section 1745 of the General Statutes enumerates the various forms of personal property which are liable to taxation. It provides, inter alia: "All notes, bonds and stocks . . . credits, choses in action . . . goods, chattels or effects, or any interest therein, belonging to any resident in this state shall be set in his list in the town where he resides at their then valuation. . . ." The breadth and inclusive character of the list so prescribed is apparent. The General Assembly intended to include therein all types of tangible and intangible personal property. The question to be decided is whether the contract described is within the terms of the statute.

Both the plaintiffs and the defendant rely on *Eric* v. *Walsh,* 135 Conn. 85, 61 A. 2d 1. In that case D owed E nearly half a million dollars, payable when D was able to pay. Among D's assets was the equity in a brokerage account secured by stocks as collateral. E had the right to sell any of these stocks at any time and apply the proceeds on D's debt to him. The question whether this power of E over the brokerage account was a credit or chose in action under the statute was discussed at length and many cases analyzed. It is unnecessary to repeat that analysis here. We held that the right of E to exact payment at any time, even

though that right might never be exercised, constituted property which was subject to taxation. It was E's duty to pay the tax either to the town or to the state.

The case controls the one at bar, which is even stronger. In *Eric* v. *Walsh,* supra, the debt was one which might never be collected. In the case at bar, the balance of the purchase price was certain to be collected eventually. The date could not be postponed beyond thirty days after the death of the survivor of the sisters, although it might be accelerated at their will. Nothing remained to be done. The deed had been executed and delivered in escrow. The contract was a credit or chose in action liable to taxation under §§ 1745 and 2083.[1]

The plaintiffs' claim that the contract is not within the terms of the statute has been discussed. Their only other claim, stated in various ways, is that taxation of the contract and the land is double taxation. There is authority to the contrary on the ground that the two are distinct. *Ouachita County* v. *Rumph,* 43 Ark. 525, 528; *Griffin* v. *Board of Review,* 184 Ill. 275, 280, 56 N. E. 397; *Elder* v. *Home Building & Loan Assn.,* 188 Ga. 113, 117, 3 S. E. 2d 75; 51 Am. Jur. 343; 2 Cooley, Taxation (4th Ed.) p. 1245. Moreover, double taxation is not unconstitutional. It is true that, if a taxing statute is open to two alternative constructions one of which will result in double taxation and the other of which will not, ordinarily the latter construction will be adopted. "But that principle is applicable only to cases of doubtful construction, and does not justify one

---

[1] See *Marquette* v. *Michigan Iron & Land Co.,* 132 Mich. 130, 132, 92 N. W. 934; *Nelson* v. *Breitenwischer,* 194 Mich. 30, 32, 160 N. W. 626; *Johnson* v. *Pottawatomie County,* 113 Kan. 505, 508, 215 P. 275; *In re Spurgeon,* 72 Ind. App. 580, 587, 126 N. E. 238; 2 Cooley, Taxation (4th Ed.) p. 1245.

contrary to the plain language of the legislative body and its intent as thus manifested." *State* v. *Murphy*, 90 Conn. 662, 666, 98 A. 343; *House of Hasselbach, Inc.* v. *McLaughlin*, 127 Conn. 507, 510, 18 A. 2d 367; note, 122 A. L. R. 742. The statute involved in this case does not admit of any interpretation except that adopted here.

It may be worth noting that the result to the taxpayer in the case at bar is not as unjust as it could be in other instances that might be cited. The sisters' payment of taxes, insurance and repairs was obviously just what they would have had to pay had they continued in the full enjoyment of the property as owners. By virtue of the arrangement made they had become entitled, at their election, to this privilege in addition to other very substantial benefits under the contract. The right which they had to the payment of the balance of the agreed purchase price, however, was complete. The fact that they were given opportunity to continue to occupy upon payment of the charges prescribed did not render the purchaser's obligation contingent upon the performance of an executory promise upon their part. It was already fixed and determined. The occupancy provision was merely expressive of the conditions which were to govern so long as the sisters refrained from exercising their election to surrender possession and receive the balance of the purchase price.

To the first and second questions, we answer "Yes"; to the fourth, "No"; the third requires no answer.

No costs will be taxed in this court.

In this opinion BROWN, C. J., and INGLIS, J., concurred.

BALDWIN, J. (dissenting). I cannot agree with the result reached by the majority. The issue in this case

cuts deeper than the single question whether this bond for a deed is a chose in action taxable under the statute. General Statutes, § 1738, and the earlier forms thereof provides for the taxation of the property at 67 Collins Street as real estate. General Statutes, § 2082, required the executors of this estate, when they filed an inventory, to file an affidavit setting forth the items in the inventory on which a tax had been assessed by the city during the last completed taxing period. The executors complied with that provision and filed an affidavit showing that the real estate located at 67 Collins Street was assessed by the city of Hartford on the tax list of 1947. In fact, real estate taxes had been paid by the testator and her sisters in accordance with their agreement since 1924. General Statutes, § 2083, provides: "All taxable property of any estate upon which no town or city tax has been assessed as provided in section 2082 . . . shall be liable to a tax of two per centum per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent. . . ."

The real issue is the interpretation and construction of these statutes when considered together, as they should be. In *Bankers Trust Co.* v. *Blodgett*, 96 Conn. 361, 366, 114 A. 104, we held that the tax imposed by § 2083 is not a succession tax but a penalty for omitting to list property for taxation and a punishment for a wrong done the public treasury. *Manufacturers Trust Co.* v. *Hackett*, 118 Conn. 101, 104, 170 A. 792. A statute imposing a penalty should receive a strict construction in favor of those who might be subject to its provisions. "[N]o act should be held to be in violation . . . which does not fall within its spirit and the fair import of its language." *Morin* v. *Newbury*, 79 Conn. 338, 340, 65 A. 156; *State* v. *Faro*, 118 Conn. 267, 273, 171 A. 660; *State* v. *Parker*, 112 Conn. 39, 46, 151 A. 325.

Furthermore, statutes imposing a tax should be construed to avoid double taxation, "the undesirability of which has been accepted as a canon of judicial action in recent decisions of the Supreme Court of the United States." *McMurtry* v. *State*, 111 Conn. 594, 605, 151 A. 252; *Williams Bros. Mfg. Co.* v. *Naubuc Fire District*, 92 Conn. 672, 677, 104 A. 245. The manifest purpose of the legislation, speaking generally, was to prevent the transfer of property, by will or inheritance, upon which no taxes had been paid during the lifetime of the decedent. The majority opinion makes the penalty statute, in effect, a succession tax statute and imposes a tax on a contract which was executory until the decedent's death. The result is two taxes on the same res at the same time, one on it as realty and the other on it as personalty, a most objectionable form of double taxation.

O'SULLIVAN, J. (dissenting). It has been said that all contracts by which one may recover money from another are choses in action. 1 Swift's Digest 170; see 7 Words & Phrases (Perm. Ed.) 133. But the broad concept of such a definition is inapplicable to our tax statute. We have previously held that the chose in action which § 1745 of the General Statutes subjects to taxation must involve a debt from one "who is under an obligation to the creditor to pay, and against whom the latter has a right to receive and enforce payment." *Lenox Realty Co.* v. *Hackett*, 122 Conn. 143, 147, 187 A. 895; *Eric* v. *Walsh*, 135 Conn. 85, 91, 61 A. 2d 1. The limitation which these quoted essentials set up makes taxable only that species of choses in action whose owner has carried out whatever obligations he may have agreed to perform under the contract. As long as there remains unfulfilled some promise on his part, he has no right to enforce payment, and until the

debt is enforceable the chose in action is nontaxable. *Eric* v. *Walsh,* supra, 92.

It should be noted in passing that the *Eric* case, cited by the majority in support of their opinion, presented a situation where the owner of the chose in action had executed his agreement. Nothing remained to be done by him other than to collect the debt. Obviously, Eric owned a taxable intangible.

The contract between the decedent here and the purchaser remained, during the decedent's life, executory on both sides. The majority say that "Nothing remained to be done." This is contrary to the facts. The decedent had agreed to pay the local taxes and insurance premiums and to maintain the property in reasonable repair as long as she lived. These promises were a part of the consideration for which the purchaser agreed to buy. The balance of the purchase price was not an enforceable debt until the promises were fulfilled. Had the decedent let the property go to pot, her executors could not have obtained a judgment against the purchaser. One must allege and prove in an action on a contract of this nature that all obligations he has undertaken have been carried out.

My position, in short, is this: The contract in question was executory as long as the decedent lived; an executory contract is not taxable because there is no enforceable debt involved; as the decedent was under no statutory duty to list an untaxable contract, the defendant illegally assessed the penalty against her estate.