GEORGE S. STIRLING, EXECUTOR (ESTATE OF KAOMEO E. WOODRUFF) *v.* WILLIAM F. CONNELLY, TAX COMMISSIONER

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued June 4—decided July 20, 1954

*Joseph B. Morse,* for the plaintiff.

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *William L. Beers,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the defendant.

BALDWIN, J. The plaintiff, executor under the will of Kaomeo E. Woodruff, appealed to the Superior Court from the assessment by the defendant tax

commissioner, acting under chapter 103 of the General Statutes, of a penalty tax upon a portion of the estate of the plaintiff's decedent. The case has been reserved for advice upon the question whether the estate is obligated to pay the tax.

The stipulated facts may be abbreviated as follows: Kaomeo E. Woodruff died on September 19, 1952, in New Haven, where she had resided continuously for more than five years before her death. The plaintiff, her executor, filed an inventory of her estate and listed therein this item: "Due from the Grace-New Haven Community Hospital as per agreement dated December 17, 1937 by and between George S. Stirling as trustee of the trust created by Article IX of the will of Rollin S. Woodruff, deceased, Kaomeo E. Woodruff and the Grace Hospital Society." It appears from the agreement referred to that Rollin S. Woodruff died in New Haven in 1925. He left a will in which he established a trust of the residue of his estate, the income from which was to be paid to his widow, Kaomeo E. Woodruff, during her life. The remainder, after the payment of certain pecuniary legacies, was bequeathed to the Grace Hospital Society, now the Grace-New Haven Community Hospital.

Among the assets of the trust was a note of the Grace Hospital Society, hereinafter referred to as the hospital society, in the amount of $80,000 and carrying interest at the rate of 6 per cent per annum. The note was secured by a mortgage. The hospital society was in financial difficulties and for three years prior to December, 1937, had failed to pay the interest on the note. It proposed to the trustee under the will of Rollin S. Woodruff that some settlement be made. Accordingly, the trustee, the hospital society and Mrs. Woodruff, with the approval of the Probate

Court, entered into an agreement on December 17, 1937, canceling the note and mortgage and providing that the hospital society would pay Mrs. Woodruff $200 each month as long as she lived. The agreement stipulated further that the hospital society would put $5000 into a trust to be used in making the first twenty-five monthly payments, and that if Mrs. Woodruff died before the full $5000 was thus expended, the balance was to be paid into the trust fund under the Rollin S. Woodruff will. It also stipulated that the unpaid interest on the note which had accrued at the date of the agreement, plus the difference between an amount equal to 6 per cent per annum on $80,000 figured from the date of the agreement to the date of the death of Mrs. Woodruff and the total of the monthly payments made to her during this period, plus $5000 in cash, would be deducted from any property or cash which the hospital society, as residuary beneficiary, was entitled to receive upon the termination of the trust under the Rollin S. Woodruff will, and would be paid to Mrs. Woodruff's estate. At the date of Mrs. Woodruff's death the total accumulation of the hospital society's indebtedness by virtue of the agreement was $58,802.64.

The beginning of the tax year in the town of New Haven for each of the five years for which the penalty was assessed was June 1. The amount due each year under the agreement was never listed for taxation in New Haven, nor were any taxes ever paid upon it either to the town of New Haven or to the state of Connecticut. The commissioner fixed the penalty tax at $5001.25. This amount was determined on the assumption that as of June 1 of each of the five years of the five-year period ending May 31, 1952, the indebtedness of the hospital society to Mrs. Woodruff would be $5000, plus the interest ac-

crued on the note to the date of the agreement, plus an amount equal to 6 per cent per annum on $80,000 from the date of the agreement to June 1 of the year in question, less the sum of the $200 monthly instalments paid, under the agreement, to that June 1.

Section 1745 of the General Statutes is entitled "Personal property liable to taxation; situs; description." Until it was amended in 1953 (Cum. Sup. 1953, § 848c), it required that "[a]ll notes, bonds and stocks, . . . credits [and] choses in action," as well as other personal property not pertinent here, should be set in the list of the owner in the town where he resided. In lieu of listing a bond, note or other chose in action for taxation by a city or town, the owner, by virtue of § 1746 (repealed in 1953 by § 849c), could pay directly to the state a tax of four-tenths of one per cent per annum on the face amount of the bond, note or other chose in action, which would then be exempt from local taxation. Section 2083 (repealed in 1953 by § 939c) provided: "All taxable property of any estate upon which no town or city tax has been assessed [during the last-completed taxing period prior to the decedent's death] or upon which no tax has been paid to the state during the year preceding the date of the death of the decedent, shall be liable to a tax of two per cent per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent," except that if a tax has been paid on any of such property for a portion of the five-year period, or the decedent did not own it for the entire five years, a proportionate deduction may be made. The crucial question is whether the indebtedness to Mrs. Woodruff or her estate, accumulating during her lifetime but not payable until her death, should have been listed for taxation,

assessed and taxed in New Haven, she not having elected to pay the four-mill tax to the state. The plaintiff claims that the indebtedness was not taxable, first, because Mrs. Woodruff did not loan $80,000 to the hospital, and second, because she was not entitled to receive payment during her lifetime.

Section 1745 was intended to cover all classes of intangible property. The term "property," as the word is used in statutes relating to assessment and taxation, refers to every species of valuable right or interest that is subject to ownership, has an exchangeable value, or adds to one's wealth or estate. *Eric* v. *Walsh,* 135 Conn. 85, 90, 61 A.2d 1, and cases cited; *Hartford-Connecticut Trust Co.* v. *O'Connor,* 137 Conn. 267, 272, 76 A.2d 9. The indebtedness of the hospital society upon the $80,000 note was originally owed to Rollin S. Woodruff. At his death it became a part of his estate and was included in the corpus of the trust created by his will. The income from this trust was payable to his widow during her life, and the remainder, upon her death, to the hospital society. So long as interest on the note was paid, Mrs. Woodruff received the benefit of it as part of the income from the trust. But in December, 1937, the interest was three years in arrears, and she was receiving nothing on account of it. By the terms of the agreement of December 17, 1937, the obligation of the hospital society to the trustee, so far as the payment of interest on the note was concerned, was transferred to Mrs. Woodruff, and the note was canceled. Thereafter, the hospital society was indebted to Mrs. Woodruff, and she, and the representative of her estate, had the right and the power to exact payment. *Eric* v. *Walsh,* supra, 92; *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143, 147, 187 A. 895. The amount of the debt as it grew from

time to time was a chose in action belonging to Mrs. Woodruff, and the fact that a portion of it did not become payable until her death did not render it nontaxable as against her. *Hartford-Connecticut Trust Co.* v. *O'Connor,* 137 Conn. 267, 272, 76 A.2d 9. She could have realized upon the chose in action during her lifetime by selling it.

The Superior Court is advised that the estate of Kaomeo E. Woodruff is subject to the provisions of chapter 103 of the General Statutes and is obligated to pay the tax assessed by the defendant tax commissioner pursuant to those provisions.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.